Because I insist on a level playing field in the Alabama Judicial System, I must dissent.
I am persuaded that if in a fraud action the trial court had directed a verdict against a plaintiff who had presented the evidence of misrepresentation that Alfa presented in this case to support its defense of misrepresentation, a majority of this Court, including me, would have reversed and remanded for another trial; therefore, I must vote to reverse and remand. Alfa presented substantial evidence sufficient to submit its misrepresentation defenses based on the insurance policy and on Ala. Code 1975, § 27-14-7(a)(1), to the trier of fact for resolution.
It is undisputed that Oglesby was asked the question: "Has anyone in the household ever been arrested for any reason?" and it is undisputed that he answered "No." It is undisputed that in fact Oglesby had been arrested eight times before he represented to Alfa that no one in his household had been arrested for any reason. Oglesby's arrests started in 1971 and continued until 1989, the last of the eight coming only several months before Oglesby applied for the policy. The arrests were for assault and battery, kidnapping, aggravated assault, public indecency (four counts), and harassment. He was convicted of six of the offenses for which he was arrested. It is undisputed that Alfa did not know of Oglesby's arrests when it issued the policy or when it subsequently renewed the policy. It is undisputed that if the evidence of arrests had been made known, the agent *Page 947 
could not have bound coverage and Alfa would not have issued the policy. It is undisputed that the policy contained the following provision:
 "CONCEALMENT OR FRAUD. If you or any other insured under this policy has concealed or misrepresented any material factor or circumstance relating to this insurance, whether before or after a loss, then this policy is void as to you and any other insured."
It is undisputed that Ala. Code 1975, § 27-14-7(a), provides:
 "All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by, or in behalf of, the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:
"(1) Fraudulent;
 "(2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
 "(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract at the premium rate as applied for, or would not have issued a policy or contract in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."
In my opinion, the trial court erred to reversal in directing a verdict against Alfa on Alfa's misrepresentation defenses.